UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN D. CLOWNEY,

                    Plaintiff,

                                          Case No. _____

vs.                                       Hon. _____

                                          Magistrate Judge_____
FISHER FUNERAL HOME &
CREMATION SERVICES, INC.,
MICHAEL J. FISHER, GERALD
RUFFIN, C&J FINANCIAL, LLC,
METROPOLITAN LIFE INSURANCE
COMPANY, NATIONAL WESTERN
LIFE INSURANCE COMPANY, and
THE INDEPENDENT ORDER OF
FORESTERS,

                    Defendants.
_____/

Traci Richards (P52868)                   David M. Davis (P24006)
Attorney for Plaintiff                    Attorney for Defendant MetLife
Metropolitan Legal Group, PLLC            401 South Old Woodward Avenue
26677 W. Twelve Mile Road                 Suite 450
Southfield, Michigan 48034                Birmingham, Michigan 48009
Telephone: (248) 997-1170                 Telephone: (248) 645-0800
E-Mail:                                   E-Mail: dmd@hardylewis.com

_____/

NOTICE OF REMOVAL BY DEFENDANT
METROPOLITAN LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN D. CLOWNEY,

                Plaintiff,

vs.

                            Case No. _____

                            Hon. _____

FISHER FUNERAL HOME &
CREMATION SERVICES, INC.,          Magistrate Judge_____
MICHAEL J. FISHER, GERALD
RUFFIN, C&J FINANCIAL, LLC,
METROPOLITAN LIFE INSURANCE
COMPANY, NATIONAL WESTERN
LIFE INSURANCE COMPANY, and
THE INDEPENDENT ORDER OF
FORESTERS,

                Defendants.

_____/

## NOTICE OF REMOVAL BY DEFENDANT
## METROPOLITAN LIFE INSURANCE COMPANY

To the Judges of the United States District Court for the Eastern District of

Michigan Southern Division:

The Notice of Defendant Metropolitan Life Insurance Company ("MetLife")

respectfully shows:

1.      Plaintiff filed his Complaint against MetLife on April 16, 2018, in the Circuit Court for the County of Wayne, Wayne County, State of Michigan, contending that Defendant MetLife failed to pay Plaintiff the life insurance benefits payable by reason of the death of Plaintiff's Mother. Plaintiff contends that MetLife improperly honored a signed and notarized assignment to the Fisher Funeral Home & Cremation Services, Inc., and a further assignment to C&J Financial, LLC and paid a portion of the life insurance benefit to C&J Financial, LLC.

2.      The life insurance benefit is payable under the FCA US LLC Insurance Program ("Plan"), an employee welfare benefit plan as defined at section 3(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1002(1). The Plan is regulated by ERISA, 29 U.S.C. §§ 1001 *et seq.*

3.      The action is entitled <u>Kevin D. Clowney, Plaintiff  v. Fisher Funeral Home & Cremation Services, Inc., et al, Defendants</u>, and is identified as Case Number 18-0045177-CZ ("State Court Action"). A copy of the Summons and Complaint is attached hereto.

4.      MetLife received notice of the State Court Action when a copy of the Summons and Complaint was received by CT Corporation, its Registered Agent, on July 12, 2018. This Notice of Removal is being filed within the thirty (30) day period following receipt of the Summons and Complaint by MetLife.

5.     Plaintiff, by his Complaint, contends MetLife breached its contractual obligations under its insurance policies to pay Plaintiff insurance proceeds upon proof of his Mother's death. See Count V – Breach of Contract, Paragraph 76.

6.     This Court has original jurisdiction of the case under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) and (f), which provide that the district courts have original jurisdiction of civil actions brought under ERISA, without respect to the amount in controversy, the citizenship of the parties, or whether ERISA's applicability is expressly alleged in the complaint. See Pilot Life Insurance Co. v. Dedeaux, 481 U.S. 41, 107 S.Ct. 1549 (1987) and Metropolitan Life Insurance Company v. Arthur Taylor, 481 U.S. 58, 107 S.Ct. 1542 (1987); Aetna Health, Inc. v. Davila, 542 U.S. 200, 221 (2004).

7.     Pursuant to 28 U.S.C. § 1441(b), MetLife may remove any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States, without regard to the citizenship or residence of the parties.

8.     Plaintiff's claim arises under ERISA § 502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B), in that he is seeking to recover life insurance benefits under an employee welfare benefit plan. Accordingly, this action is removable and this Court has jurisdiction of this case under 28 U.S.C. § 1331.

9.     Additionally, in accordance with 28 U.S.C. § 1441(c), because the federal claims asserted against Defendant MetLife, National Western Life Insurance Company and the Independent Order of Foresters ("Insurance Claims") are "separate and independent claims" or "causes of action" from the claims against the Fisher Funeral Home, Michael Fisher, Gerald Ruffin and C&J Financial LLC, the Insurance Claims are within the jurisdiction conferred by 28 U.S.C. § 1331 (Federal Question) and even if joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed by Defendant MetLife without the concurrence of other non-insurance company Defendants, and the District Court may determine all issues therein. See Henry v. Independent Savings Association, et al., 857 F.2d 995, 989 (5th Cir. 1988); Bernstein v. Lind-Haddock & Co., 738 F.2d 179, 183 (7th Cir. 1984); 1A Moore's Federal Practice § 107.11(d) (3d Ed. 1997). Nevertheless, it is anticipated that once the other insurance companies are served, they will each concur in this removal.

10.     Copies of all process, pleadings, and orders served upon MetLife are attached to this Notice of Removal in accordance with 28 U.S.C. § 1446(a).

11.     Concurrent with the filing of this Notice of Removal, Defendant MetLife is providing notice to all adverse parties and the clerk of the Circuit Court for the County of Wayne, State of Michigan pursuant to 28 U.S.C. § 1446(d).

- 5 -

WHEREFORE, Defendant MetLife gives notice that the above-described action pending in the Circuit Court for the County of Wayne, State of Michigan, is being removed therefrom to this Court.

Respectfully submitted,

s/David M. Davis
David M. Davis (P24006)
Attorney for Defendant MetLife
Hardy, Lewis & Page, P.C.
401 S. Old Woodward, Suite 450
Birmingham, MI 48009-6629
Telephone: (248) 645-0800
E-Mail: dmd@hardylewis.com

Dated: July 25, 2018

 CT Corporation

**Service of Process Transmittal**
07/12/2018
CT Log Number 533682324

**TO:** Margaret Allen
Metropolitan Life Insurance Company
200 Park Avenue
New York, NY 10166

**RE:** **Process Served in Michigan**

**FOR:** Metropolitan Life Insurance Company  (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Kevin D. Clowney, Pltf. vs. Fisher Funeral Home & Cremation Services, Inc., et al., Dfts. // To: Metropolitan Life Insurance Company |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Jury Demand, Exhibit(s) |
| **COURT/AGENCY:** | Wayne County - 3rd Circuit Court, MI<br>Case # 18004177CZ |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Plymouth, MI |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 07/12/2018 postmarked on 07/10/2018 |
| **JURISDICTION SERVED :** | Michigan |
| **APPEARANCE OR ANSWER DUE:** | Within 28 days |
| **ATTORNEY(S) / SENDER(S):** | Traci Richards<br>Metropolitan Legal Group, PLLC<br>26677 W. Twelve Mile Road<br>Southfield, MI 48034<br>248-997-1170 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/13/2018, Expected Purge Date: 07/18/2018<br><br>Image SOP<br><br>Email Notification,  MetLife Litigation Intake  litigationintake@metlife.com |
| **SIGNED:** | The Corporation Company |
| **ADDRESS:** | 40600 ANN ARBOR RD E STE 201<br>Plymouth, MI 48170-4675 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.




U.S. POSTAGE
PAID
FRANKLIN, MI
48025
JUL 19 '18
AMOUNT
$8.25
R2304-M11566P-24



1000       48170

7017 0660 0000 6868 3745

Metropolitan Legal Group, PLLC
26677 W. 12 Mile Road
Southfield, MI 48034

c/o  Metropolitan Life Insurance Company
The Corporation Company
40600 Ann Arbor E. Suite 201
Plymouth MI 48170

Approved, SCAO

| | | |
|---|---|---|
| | Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy -Return |

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS AND COMPLAINT | CASE NO<br>18-004177-CZ<br>Hon. Patricia Perez Fresard |
|---|---|---|

| Court Address 2 Woodward Ave., Detroit MI 48226 | Court Telephone No. 313-224-5173 |
|---|---|

| **Plaintiff**<br><br>Clowney, Kevin | v | **Defendant**<br><br>Metropolitan Life Insurance Company |
|---|---|---|

| **Plaintiff's Attorney**<br><br>Traci L. Richards 52868<br>26677 W 12 Mile Rd<br>Southfield, MI 48034-1514 | |
|---|---|

<u>SUMMONS</u>  **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>4/16/2018 | This summons expires<br>7/16/2018 | Court clerk<br>Jacquetta Parkinson |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

**Family Division Cases** (The following is information required in the caption of every complaint and is to be completed by the plaintiff.)

☐ This case involves a minor who is under the continuing jurisdiction of another Michigan court. The name of the court, file number and details are on page _____ of the attached complaint.

☐ There is no other pending or resolved action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains     ☐ is no longer pending.  The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**Civil Cases**  (The following is information required in the caption of every complaint and is to be filed by the plaintiff.)

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ There is no other pending or resolved civil action arise out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

The action ☐ remains     ☐ is no longer pending.  The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

## VENUE

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Place where action arose or business conducted | |

_____          _____
Date                                             Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (6/17) **SUMMONS AND COMPLAINT** MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

KEVIN D. GLOWNEY                                                                          CZ
     Plaintiff

v.

FISHER FUNERAL HOME & CREMATION
SERVICES, INC., MICHAEL J. FISHER,
GERALD RUFFIN,  C&J FINANCIAL, LLC,
METROPOLITAN LIFE INSURANCE COMPANY
NATIONAL WESTERN LIFE INSURANCE COMPANY
and THE INDEPENDENT ORDER OF FORESTERS
     Defendants
_____/

Metropolitan Legal Group, PLLC
By:    Traci Richards (P52868)
Attorney for the Plaintiff
26677 W. Twelve Mile Road
Southfield, MI 48034
(248) 997-1170

**COMPLAINT AND JURY DEMAND**
There is no other pending or resolved
civil action arising out of the transaction
or occurrence in the complaint

This is a case about a funeral home and its treacherous owner, who took

advantage of a grieving son.  The son lost  his parents within a couple of days

of one another.  The owner of the funeral home is a notary.   He falsely

notarized documents assigning insurance proceeds rightfully belonging to the

grieving son to a factoring company so that he could obtain fast and easy

money.  To make matters worse, the funeral worker who assisted the grieving

son used his position as a minister and trusted family friend to steer him to

this particular funeral home, where he knew or should have known that the

18-004177-CZ   FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   4/16/2018 2:23 PM   Jacquetta Parkinson

son would be defrauded. When the son finally received a copy of the paid funeral bill, he was shocked to learn that he was charged $29,011.48 for the funeral service for his mother. After the funeral home owner was confronted, he issued the son a check for a partial refund that was returned due to insufficient funds. This scheme to defraud was motivated by the greed, ambition and misguided notions of entitlement from men who took advantage of the grieving son instead of providing him with comfort and decency during his time of need. The funeral home factoring company took ownership of insurance polices that it had no right to own. The insurance companies were duped into paying the funeral home factoring company based upon documents forged by the funeral home owner.

Plaintiff states the following:

### Jurisdiction and Parties

1.  This court has jurisdiction over this matter that involves a funeral home located in Wayne County Michigan and the amount in controversy exceeds $25,000, exclusive of interest and costs.

2.  Kevin D. Clowney is the Plaintiff. He is an individual residing at all relevant times in Wayne County, Michigan.

3.  Defendant Fisher Funeral Home & Cremation, Services, Inc. ("Fisher Funeral Home") is a Michigan corporation.

4.  Defendant Michael J. Fisher is an individual.

5.  Defendant Michael J. Fisher is a notary.

18-004177-CZ   FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   4/16/2018 2:23 PM   Jacquetta Parkinson

6.    Defendant Michael J. Fisher was an agent, contractor and/or employer of Fisher Funeral Home during all relevant times.

7.    Defendant Michael J. Fisher was acting within the course and scope of his employment and/or contract with Defendant Fisher Funeral Home during all relevant times.

8.    Defendant Michel J. Fisher is the sole shareholder of Fisher Funeral Home.

9.    Defendant Michel J. Fisher is the majority shareholder of Fisher Funeral Home.

10.   Defendant Gerald Ruffin is an individual.

11.   Defendant Gerald Ruffin is a minister.

12.   Defendant Gerald Ruffin was an agent, contractor and/or employer of Fisher Funeral Home during all relevant times.

13.   Defendant Gerald Ruffin was acting within the course and scope of his employment and/or contract with Defendant Fisher Funeral Home during all relevant times.

14.   Kevin D. Clowney was a customer of the Defendants.

15.   Kevin D. Clowney's mother died on August 22, 2016.

16.   Kevin D. Clowney's father died on August 24, 2016.

17.   This complaint only pertains to funeral services provided on behalf of his mother.

18.   Upon request by the Defendants for proof of insurance in an amount sufficient to cover the funeral expenses, Kevin D. Clowney provided the

Defendants with copies of seven (7) insurance policies where he was listed as the beneficiary in the event of his mother's death.

19. Defendant C & J Financial, LLC is a company that took possession and ownership of insurance polices based upon representation by Defendant Michael J. Fisher who notarized and forged Irrevocable Assignment and Power of Attorney forms. **Exhibit A, Assignments**

20. Defendant Metropolitan Life Insurance Company ("Metlife") received an Irrevocable Assignment and Power of Attorney notarized by Defendant Michael J. Fisher and paid monies pursuant to this forged assignment.

21. Defendant National Western Life Insurance Company ("National Western") received an Irrevocable Assignment and Power of Attorney notarized by Defendant Michael J. Fisher and paid monies pursuant to this forged assignment.

22. Defendant The Independent Order of Foresters ("Foresters") received an Irrevocable Assignment and Power of Attorney notarized by Defendant Michael J. Fisher and paid monies pursuant to this forged assignment.

### COMMON ALLEGATIONS

23. Plaintiff incorporates by reference the preceding paragraphs

24. Kevin D. Clowney hired Defendant Fisher Funeral Home for funeral arrangements for his mother for services to be held at his mother's church.

18-004177-CZ   FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   4/16/2018 2:23 PM   Jacquetta Parkinson

25. Neither Defendant Fisher Funeral Home nor Defendant Michael J. Fisher provided Kevin D. Clowney with a funeral contract before his mother's funeral services took place on September 3, 2016.

26. At no time did Kevin D. Clowney sign a document transferring his interests in insurance policies to Defendant Fisher Funeral Home and/or its assignee, C&J Financial.

27. Defendants faxed Kevin D. Clowney a Statement of Funeral Goods and Services Selected after Kevin D. Clowney complained about the Defendants unfairly withholding his money from various insurance companies in which he was listed as a beneficiary. **Exhibit B, Funeral Bill.**

28. Kevin D. Clowney was charged for various goods and services from the Defendants that he never received.

### Count I

### *CONVERSION*

29. Plaintiff incorporates by reference the preceding paragraphs

30. At no time did Kevin the Clowney receive a cash advance in the amount of $13,000.00 from any of the Defendants, as listed in the Statement of Funeral Goods and Services Selected.

31. Kevin D. Clowney never signed anything indicating he received a cash advance in the amount of $13,000 from any of the Defendants.

32. Kevin D. Clowney also never received other services listed on the Statement of Funeral Goods and Services Selected, such as the limousine,

service utility and casket spray. The unsigned Statement lists two sedans being provided and only one was provided.

33. The Statement of Funeral Goods and Services Selected also lists a much higher incorrect charge for the amount of Kevin D. Clowney's flight.

34. The Statement of Funeral Goods and Services Selected list a staff as being provided at the funeral. At the funeral, the Defendants only provided Defendant Gerald Ruffin and he had no staff or any other person present at the funeral.

35. The Statement of Funeral Goods and Services Selected lists a charge in the amount of $1897.95 for an Insurance Process Fee and this fee was never discussed or agreed upon by Kevin D. Clowney.

36. As the beneficiary of various insurance policies, Kevin D. Clowney was entitled to receive the proceeds.

37. Kevin D. Clowney never signed over his right to receive the proceeds from the various insurance policies.

38. The Defendants Michael J. Fisher, Fisher Funeral Home & Cremation Services, Gerald Ruffin and/or their assignees received the proceeds of insurance polices that belonged to Kevin D. Clowney.

39. The face value of proceeds unlawfully received by the Defendants is in excess of $25,000.00

40. Any and all insurance proceeds received by any of the Defendants were rightfully the property of Kevin D. Clowney.

18-004177-CZ   FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   4/16/2018 2:23 PM   Jacquetta Parkinson

18-004177-CZ   FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   4/16/2018 2:23 PM   Jacquetta Parkinson

41.  Upon learning of the unlawful conversion, Kevin D. Clowney demanded the return of the funds that belong to him.

42.  Defendant Fisher Funeral Home issued a check in the amount of $3000 to Kevin D. Clowney on October 3, 2016. Defendant Michael J. Fisher signed this check.

**43.**  This check was returned to Michael Clowney and the reason provided" A NOT SUFFICIENT FUNDS." **Exhibit C, Check-Insufficient Funds.**

44.  At no time did Defendants every attempt to pay this $3000 to Kevin D. Clowney after the bad check was provided to Kevin D. Clowney.

45.  The issuance of this check is proof that Kevin D. Clowney approached the Defendants and informed them that he is owed money and wants it returned to him.

46.  The amount of the check is not indicative of the total amount owed to Kevin D. Clowney from the Defendants.

47.  There is no indication on the check that it was intended as a total settlement of the amount owed to Kevin D. Clowney.

48.  At no time did Defendants every pay Kevin D. Clowney any money that he is owed over and above reasonable funeral expenses actually provided.

49.  Defendants Michael J. Fisher, Fisher Funeral Home & Cremation Services, and/or Gerald Ruffin acts in taking funds from multiple insurance polices naming Kevin D. Clowney as the beneficiary (in excess of the actual reasonable charge for funeral services and goods) constitute an unlawful

18-004177-CZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 4/16/2018 2:23 PM Jacquetta Parkinson

conversion of Kevin Clownery's property resulting in damages to Kevin D. Clowney in excess of $25,000.

THEREFORE, PLAINTIF REQUESTS that this Honorable Court enter its Judgment in favor of Plaintiff and against any Defendants found to be liable in an amount in excess of $25,000.00, plus treble damages interest, costs, and attorney fees, together with such other and further relief deemed just and equitable under the facts and circumstances.

### Count II

#### *PROMISSORY ESTOPPEL*

50.   Plaintiff incorporates by reference the preceding paragraphs.

51.   Kevin D. Clowney hired Defendants Fisher Funeral Home & Cremation Services and Gerald Ruffin for his mother's funeral and agreed to pay a fair and reasonable amount for the services.

52.   Defendants agreed to charge a fair and reasonable amount for the services.

53.   Defendants agreed to only charge Kevin D. Clowney for services and goods actually provided.

54.   Defendants had a duty and obligation not to charge Kevin D. Clowney for cash advances, process fees, etc. that were not provided and/ or agreed upon by the parties.

55.   Kevin D. Clowney was never provided a price list of the various prices charged by the Defendants funeral home prior to the funeral.

18-004177-CZ   FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   4/16/2018 2:23 PM   Jacquetta Parkinson

56.   Kevin D. Clowney was never provided a copy of The Statement of Funeral Goods and Services Selected until after he started investigating the fraudulent charges he was billed.

57.   The Statement of Funeral Goods and Services Selected is not signed by anyone.

58.   Kevin D. Clowney relied upon Defendants to keep their promises as described above.

59.   Kevin D. Clowney agreed to allow the Defendants to provide services for his mother's funeral based upon the promises they made to him.

60.   Kevin D. Clowney has suffered damages as result of relying upon the Defendants' promises that were not kept.

THEREFORE, PLAINTIFF REQUESTS that this Honorable Court enter its Judgment in favor of Plaintiff and against any Defendants found to be liable in an amount in excess of $25,000.00, interest, costs, and attorney fees, together with such other and further relief deemed just and equitable under the facts and circumstances.

**Count III**

***VIOLATION OF THE MICHIGAN NOTARY PUBLIC ACT***

61.   Plaintiff incorporates by reference the preceding paragraphs.

62.   Defendant Michael J. Fisher is a notary.

63.   During all relevant times, Michael J. Fisher was a notary.

64.   In violation of the Michigan Notary Public Act, MCL 55.285, Defendant Michael J. Fisher notarized documents attesting that Kevin D. Clowney signed them when he knew that Kevin D. Clowney had not signed the documents.

65.   Pursuant to MCL 55.297, Defendant Fisher Funeral Home is also liable for the damages sustained by Kevin D. Clowney because Defendant Michael J. Fisher was acting within the scope of his employment and Defendant Fischer Funeral Home had knowledge and consented to the misconduct described above.

THEREFORE, PLAINTIFF REQUESTS that this Honorable Court enter its Judgment in favor of Plaintiff and against any Defendant or Defendants found to be liable, plus interest, costs, and attorney fees, together with such other and further relief deemed just and equitable under the facts and circumstances.

## Count IV

### *BREACH OF FIDUCIARY DUTY*

66.   Plaintiff incorporates by reference the preceding paragraph

67.   Defendant Gerald Ruffin is a minister.

68.   At all times relevant to this claim, Gerald Ruffin was a minister.

69.   Based on Defendant Gerald Ruffin's representations, Kevin D. Clowney hired him to preside over his mother's funeral.

18-004177-CZ   FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   4/16/2018 2:23 PM   Jacquetta Parkinson

70. During all times relevant to this complaint, Defendant Gerald Ruffin was an active participant in the securing the various insurance policies belonging to Kevin D. Clowney.

71. Defendant Gerald Ruffin, in his capacity as a minister, presided over the funeral services for Kevin D. Clowney's mother.

72. As a minister, Defendant Gerald Ruffin owed a fiduciary duty to Kevin D. Clowney not to take funds belonging to Kevin D. Clowney and use them for his personal gain at the expense of Kevin D. Clowney.

73. By virtue of the his conduct above, Defendant Gerald Ruffin acted in his own interest which was in conflict with the interests of Kevin D. Clowney

THEREFORE, PLAINTIFF REQUESTS that this Honorable Court enter its Judgment in favor of Plaintiff and against any Defendant or Defendants found to be liable, plus interest, costs, and attorney fees, together with such other and further relief deemed just and equitable under the facts and circumstances.

### Count V

### *BREACH OF CONTRACT*

74. Plaintiff incorporates by reference the preceding paragraph

75. Defendants MetLife, National Western and Foresters each had a valid enforceable contract in the form of an insurance policy.

76. The insurance companies breached their obligations under the insurance policies to pay Kevin D. Clowney insurance proceeds upon proof of his mother's death.

77. Kevin Clowney obligations under the insurance contracts were minimum and he satisfied them or was prevented from satisfying them due to the wrongful conduct of others.

78. As a direct and proximate result of the insurance companies breach of contract, Kevin D. Clowney has suffered.

79. Defendant Fisher Funeral Home had a valid contract with Kevin D. Clowney.

80. Defendant Fisher Funeral Home breached the contract with Kevin D. Clowney by overcharging him, not providing services in a professional manner, including items on his bill that were never provided and using forged documents to obtain proceeds from insurance policies belonging to Kevin D. Clowney

81. Kevin D. Clowney performed all of his obligations under the contract.

82. As a direct and proximate result of Defendant Fisher Funeral Home breach of contract, Kevin D. Clowney has suffered.

THEREFORE, PLAINTIFF REQUESTS that this Honorable Court enter its Judgment in favor of Plaintiff and against any Defendant and/or Defendants found to be liable in an amount in excess of $25,000.00, interest, costs, and attorney fees, together with such other and further relief deemed just and equitable under the facts and circumstances.

**Count VI**

*FRAUD/ MISREPRESENTATION*

83.   Plaintiff incorporates by reference the preceding paragraph

84.   Defendant C & J Financial, LLC  is a company that conducts business with Defendant Fisher Funeral Home.

85.   Defendants Fisher Funeral Home and Michael Fisher intentionally made false representations to Kevin D. Clowney regarding the funeral services provided and the actual amount of the services and goods provided.

86.   Defendants' representations were false when they were made.

87.   Defendants knew that their representations were false when they were made or they made them recklessly without knowing whether they were true.

88.   These representations were relied upon.

89.   As a result of the fraudulent representations, Kevin D. Clowney has suffered.

    THEREFORE, PLAINTIFF REQUESTS that this Honorable Court enter its Judgment in favor of Plaintiff and against any Defendant and/or Defendants found to be liable in an amount in excess of $25,000.00, interest, costs, and attorney fees, together with such other and further relief deemed just and equitable under the facts and circumstances.

18-004177-CZ   FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   4/16/2018 2:23 PM   Jacquetta Parkinson

**Count VII**

***INNOCENT MISREPRESENTATION***

90. Plaintiff incorporates by reference the preceding paragraph

91. Defendant C&J Financial, LLC made representations to the Defendant insurance companies that it was entitled to proceeds from insurance policies listing Kevin D. Clowney as a beneficiary.

92. Defendant C & J Financial, LLC representations were made in connection with it receiving insurance proceeds a result of assignments containing the forged signature of Kevin D. Clowney.

93. Kevin D. Clowney suffered economic losses as a result of the representations made by Defendant C & J Financial LLC.

THEREFORE, PLAINTIFF REQUESTS that this Honorable Court enter its Judgment in favor of Plaintiff and against any Defendant and/or Defendants found to be liable in an amount in excess of $25,000.00, interest, costs, and attorney fees, together with such other and further relief deemed just and equitable under the facts and circumstances.

Respectfully submitted,
Metropolitan Legal Group, PLLC

/s/ Traci Richards
By: Traci Richards

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

KEVIN D. CLOWNEY                                             CZ
        Plaintiff

v.

FISHER FUNERAL HOME & CREMATION
SERVICES, INC., MICHAEL J. FISHER,
GERALD RUFFIN,  C&J FINANCIAL, LLC,
METROPOLITAN LIFE INSURANCE COMPANY
NATIONAL WESTERN LIFE INSURANCE COMPANY
and THE INDEPENDENT ORDER OF FORESTERS
        Defendants
_____/

Metropolitan Legal Group, PLLC
By:      Traci Richards (P52868)
Attorney for the Plaintiff
26677 W. Twelve Mile Road
Southfield, MI 48034
(248) 997-1170

**JURY DEMAND**

Plaintiff demands a jury trial.

Respectfully submitted,
Metropolitan Legal Group, PLLC

/s/ Traci Richards
By: Traci Richards

18-004177-CZ   FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   4/16/2018 2:23 PM   Jacquetta Parkinson

# EXHIBIT A

05/17/2017  01:44   13135356646          FISHER F.H.                    PAGE  02
09/02/2016  01:34   13136356646          FISHER F.H.                    PAGE  01

## IRREVOCABLE ASSIGNMENT AND POWER OF ATTORNEY

| Insurance Company | | Policy Number (s) | | | Deceased / Insured | |
|---|---|---|---|---|---|---|
| METLIFE | | 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 | | | WILLIE CLOWNEY | |
| Beneficiary(s) Name | Address, City, State, Zip | Date of Birth | Social Security # | Phone # | Email |
| KEVIN CLOWNEY | 17060 ST. PATRICK STREET DETROIT, MICHIGAN 48240 | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| Funeral Home and /or Cemetery | | | | Total Amount Assigned | |
| FISHER FUNERAL HOME & CREMATION SERVICES | | | | $  15,000.00 | |

This Irrevocable Assignment is made between Beneficiary above and the Funeral Home/Cemetery above. In consideration for the Funeral Home/Cemetery providing services in the burial of the above Insured, said services having requested and accepted by Beneficiary and/or additional funds have been advanced and paid to the Funeral Home/Cemetery and/or the Beneficiary by C&J Financial, LLC. The undersigned irrevocably assigns to the Funeral Home/Cemetery, the above Assignment Amount, plus statutory interest from deceased's date of death until claim paid plus any unearned premiums. Beneficiary hereby guarantees the validity and sufficiency of the foregoing irrevocable assignment to the Funeral Home /Cemetery and C&J, and Beneficiary further guarantees to warrant title to the policy(s) and defend C&J against any claims on the policy(s). Beneficiary hereby irrevocably authorizes said Insurance Company to make payment of the sum specified above, plus statutory interest and unearned premiums to C&J Financial, LLC. Beneficiary hereby irrevocably authorizes said Insurance Company to give Funeral Home/Cemetery or C&J any information that it may require regarding said policy(s). Beneficiary hereby appoints C&J as their Attorney-in-fact and to act on their behalf with regard to the collection of, settlement of, and receipt of proceeds of said policy(s) or certificate(s), including but not limited to, giving C&J the right to endorse checks and disburse insurance forms in my name. If, for any reason, C&J does not receive full payment within 90 days I agree to immediately pay C&J the amount of its loss on the assignment. If for any reason it becomes necessary for C&J to proceed against me, I understand that I am liable for all costs of collection, including but not limited to, reasonable attorney's fees, and court costs. I agree that the exclusive jurisdiction for legal proceedings hereunder is Salt Lake County, Utah. In the event the policy(s) is not endorsed, I certify that the policy(s) has been lost or destroyed.

| _Kevin Clowney son_ | | | | | |
|---|---|---|---|---|---|
| 1ST Beneficiary's Signature | | Relationship to Deceased | 2ND Beneficiary's Signature | | Relationship to Deceased |
| | | | | | |
| 3RD Beneficiary's Signature | | Relationship to Deceased | 4TH Beneficiary's Signature | | Relationship to Deceased |

The foregoing Assignment was executed by **KEVIN CLOWNEY**, who is personally known to me or who has produced identification.
                                              BENEFICIARY'S NAME

| _[signature]_ | 9-2-2016 | MICHAEL J. FISHER NOTARY PUBLIC, STATE OF MI COUNTY OF WAYNE |
|---|---|---|
| NOTARY PUBLIC SIGNATURE | DATE | NOTARY STAMP OR SEAL / COMMISSION EXPIRES Nov 12, 2020 ACTING IN COUNTY OF |

## IRREVOCABLE REASSIGNMENT AND POWER OF ATTORNEY

To: C&J Financial, LLC · P. 256.442.0020 F. 256.442.0107 · www.CJF.com
Mail Payments to: P.O. Box 57250 · Salt Lake City, UT 84157-0250
All Other Correspondence: P.O. Box 7070 · Rainbow City, AL 35906

The undersigned representative and funeral home or cemetery (collectively "the Funeral Home") irrevocably assigns to C&J Financial, LLC, P.O. Box 7070, Rainbow City, AL 35906 or assigns, all of its interest in the above Assignment and further appoints C&J to act as its Attorney-in-fact with regard to the collection of, settlement of, and receipt of the proceeds at said policy(s) or certificate(s) noted above, including but not limited to, the right to endorse checks. Any payment made by C&J to the Funeral Home pursuant to this Assignment agreement is without recourse, except where the assignment or funding was procured by fraud on the part of the Funeral Home. The Funeral Home hereby authorizes the above Insurance Company to issue a check(s) directly to C&J Financial. In the event that any payments of proceeds are made by the Insurance Company, its agent or the beneficiary (ies) to the Funeral Home, the Funeral Home agrees to hold the proceeds in trust and to immediately pay the proceeds to C&J within 10 days, without necessity of any request to so pay the funds. The Funeral Home further agrees that upon request by either C&J or the Insurance Company it will promptly provide all documents, material or information identified and needed to process a claim on the decedent's policy. Funeral Home shall be liable to C&J for any attorney's fees and costs C&J incurs in having to enforce any of the terms of this assignment. The undersigned agrees that the exclusive jurisdiction and venue for legal proceedings hereunder is in Salt Lake County, Utah.

                                              FISHER FUNERAL HOME & CREMATION SERVICES

| _Corey Leniear_ | | FISHER FUNERAL HOME & CREMATION SERVICES |
|---|---|---|
| Signature of Funeral Home/Cemetery Authorized Representative | | Name of Funeral Home / Cemetery |

The foregoing Reassignment was executed by **COREY LENIEAR**, who is personally known to me or who has produced identification.
                                  FUNERAL HOME/CEMETERY AUTHORIZED REPRESENTATIVE

| _[signature]_ | 9-2-2016 | MICHAEL J. FISHER NOTARY PUBLIC, STATE OF MI COUNTY OF WAYNE | |
|---|---|---|---|
| NOTARY PUBLIC SIGNATURE | DATE | NOTARY STAMP OR SEAL / COMMISSION EXPIRES Nov 12, 2020 ACTING IN COUNTY OF Wayne | LAPOA rev 8/14 |

18-004177-CZ    FILED IN MY OFFICE    WAYNE COUNTY CLERK    4/16/2018 2:23 PM    Cathy M. Garrett    Jacquetta Parkinson

18-004177-CZ     FILED IN MY OFFICE     Cathy M. Garrett     WAYNE COUNTY CLERK     4/16/2018 2:23 PM     Jacquetta Parkinson

```
05/17/2017  01:44   13135356646          FISHER F.H.                    PAGE  04
08/31/2016  00:25   13135356646          FISHER F.H.                    PAGE  02
```

## IRREVOCABLE ASSIGNMENT AND POWER OF ATTORNEY

| Insurance Company | Policy Number (s) | Deceased / Insured |
|---|---|---|
| NATIONAL WESTERN | 0101290036 | WILLIE CLOWNEY |

| Beneficiary(s) Name | Address, City, State, Zip | Date of Birth | Social Security # | Phone # | Email |
|---|---|---|---|---|---|
| KEVIN CLOWNEY | 17170 MT. PATMOS STREET DETROIT, MICHIGAN 48205 | | | | |
| | | | | | |
| | | | | | |

| Funeral Home and /or Cemetery | Total Amount Assigned |
|---|---|
| FISHER FUNERAL HOME & CREMATION SERVICES | $6178.60 |

This Irrevocable Assignment is made between Beneficiary above and the Funeral Home/Cemetery above. In consideration for the Funeral Home/Cemetery providing services in the burial of the above insured, said services having requested and accepted by Beneficiary and/or additional funds have been advanced and paid to the Funeral Home/Cemetery and/or the Beneficiary by C&J Financial, LLC. The undersigned irrevocably assigns to the Funeral Home/Cemetery, the above Assignment Amount, plus statutory interest from deceased's date of death until claim paid plus any uncarned premiums. Beneficiary hereby guarantees the validity and sufficiency of the foregoing irrevocable assignment to the Funeral Home /Cemetery and C&J, and Beneficiary further guarantees to warrant title to the policy(s) and defend C&J against any claims on the policy(s). Beneficiary hereby irrevocably authorizes said Insurance Company to make payment of the sum specified above, plus statutory interest and uncarned premiums to C&J Financial, LLC. Beneficiary hereby irrevocably authorizes said Insurance Company to give Funeral Home/Cemetery or C&J any information that it may require regarding said policy(s). Beneficiary hereby appoints C&J as their Attorney-in-fact and to act on their behalf with regard to the collection of, settlement of, and receipt of proceeds of said policy(s) or certificate(s), including but not limited to, giving C&J the right to endorse checks and claimant warranto forms in my name. If, for any reason, C&J does not receive full payment within 90 days I agree to immediately pay C&J the amount of its loss on the assignment. If for any reason it becomes necessary for C&J to proceed against me, I understand that I am liable for all costs of collections, including but not limited to, reasonable attorney's fees, and court costs. I agree that the exclusive jurisdiction for legal proceedings hereunder is Salt Lake County, Utah. In the event the policy(s) is not enclosed, I certify that the policy(s) has been lost or destroyed.

| 1st Beneficiary's Signature _____ Kevin C. Clowney Son _____ | Relationship to Deceased | 2nd Beneficiary's Signature | Relationship to Deceased |
|---|---|---|---|
| 3rd Beneficiary's Signature | Relationship to Deceased | 4th Beneficiary's Signature | Relationship to Deceased |

The foregoing Assignment was executed by   KEVIN CLOWNEY
                                             BENEFICIARY'S NAME                who is personally known to me or who has produced identification.

| NOTARY PUBLIC SIGNATURE | DATE _____ 8/10/2011 _____ | NOTARY STAMP OR SEAL   MICHAEL J. FISHER   NOTARY PUBLIC, STATE OF MI   COUNTY OF WAYNE   MY COMMISSION EXPIRES Nov 12, 2020   ACTING IN COUNTY OF WAYNE |
|---|---|---|

## IRREVOCABLE REASSIGNMENT AND POWER OF ATTORNEY
To: C&J Financial, LLC · P. 256.442.0020 F. 256.442.0107 · www.CJF.com
Mail Payments to: P.O. Box 57250 · Salt Lake City, UT 84157-0250
All Other Correspondence: P.O. Box 7070 · Rainbow City, AL 35906

The undersigned representative and licensed home or cemetery (collectively "the Funeral Home") irrevocably reassigns to C&J Financial, LLC, P.O. Box 7070, Rainbow City, AL 35906 or assigns, all of its interest in the above Assignment and further appoints C&J to act as its Attorney-in-fact with regard to the collection of, settlement of, and receipt of the proceeds as said policy(s) or certificate(s) stated above, including but not limited to, the right to endorse checks. Any payment made by C&J to the Funeral Home pursuant to this Assignment agreement is without recourse, except where the assignment or funding was procured by fraud on the part of the Funeral Home. The Funeral Home hereby authorizes the above Insurance Company to issue a check(s) directly to C&J Financial. In the event that any payment of proceeds are made by the Insurance Company, its agent or the beneficiary (ies) to the Funeral Home, the Funeral Home agrees to hold the proceeds in trust and to immediately pay the proceeds to C&J within 10 days, without necessity of any request to pay the funds. The Funeral Home further agrees that upon request by either C&J or the Insurance Company it will promptly provide all documents, material or information identified and needed to process a claim on the decedent's policy. Funeral Home shall be liable to C&J for any attorney's fees and costs C&J incurs in having to enforce any of the terms of this assignment. The undersigned agrees that the exclusive jurisdiction and venue for legal proceedings hereunder is in Salt Lake County, Utah.

| Signature of Funeral Home/Cemetery Authorized Representative | FISHER FUNERAL HOME & CREMATION SERVICES   Name of Funeral Home / Cemetery |
|---|---|

The foregoing Reassignment was executed by   COREY LENJEAR
                                              FUNERAL HOME/CEMETERY AUTHORIZED REPRESENTATIVE    who is personally known to me or who has produced identification.

| NOTARY PUBLIC SIGNATURE | DATE _____ 8/10/2011 _____ | NOTARY STAMP OR SEAL   MICHAEL J. FISHER   NOTARY PUBLIC, STATE OF MI   COUNTY OF WAYNE   MY COMMISSION EXPIRES Nov 12, 2020   ACTING IN COUNTY OF WAYNE | IAPOA rev 8/14 |
|---|---|---|---|

18-004177-CZ   FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   4/16/2018 2:23 PM   Jacquetta Parkinson

05/17/2017  01:44   13135356646                    FISHER F.H.                    PAGE  03
08/31/2016  00:25   13135356646                    FISHER F.H.                    PAGE  01

## IRREVOCABLE ASSIGNMENT AND POWER OF ATTORNEY

| Insurance Company | | Policy Number (s) | | | Deceased / Insured | |
|---|---|---|---|---|---|---|
| FORESTERS | | 7336974 | | | WILLIE CLOWNEY | |

| Beneficiary(s) Name | Address, City, State, Zip | Date of Birth | Social Security # | Phone # | Email |
|---|---|---|---|---|---|
| KEVIN CLOWNEY | 17753 ST. PATRICK STREET DETROIT, MICHIGAN 48212 | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

| Funeral Home and / or Cemetery | Total Amount Assigned |
|---|---|
| FISHER FUNERAL HOME & CREMATION SERVICES | $ 10,000.00 |

This Irrevocable Assignment is made between Beneficiary above and the Funeral Home/Cemetery above. In consideration for the Funeral Home/Cemetery providing services in the burial of the above insured, said services having requested and accepted by Beneficiary and/or additional funds have been advanced and paid to the Funeral Home/Cemetery and/or the Beneficiary by C&J Financial, LLC. The undersigned irrevocably assigns to the Funeral Home/Cemetery, the above Assignment Amount, plus statutory interest from deceased's date of death until claim paid plus any unearned premiums. Beneficiary hereby guarantees the validity and sufficiency of the foregoing Irrevocable assignment to the Funeral Home /Cemetery and C&J, and Beneficiary further guarantees to warrant title to the policy(s) and defend C&J against any claims on the policy(s). Beneficiary hereby irrevocably authorizes said Insurance Company to make payment of the sum specified above, plus statutory interest and unearned premiums to C&J Financial, LLC. Beneficiary hereby irrevocably authorizes said Insurance Company to give Funeral Home/Cemetery or C&J any information that it may require regarding said policy(s). Beneficiary hereby appoints C&J as their Attorney-In-Fact and to act on their behalf with regard to the collection of, settlement of, and receipt of proceeds of said policy(s) or certificate(s), including but not limited to, giving C&J the right to endorse checks and disbursal statement forms in my name. If, for any reason, C&J does not receive full payment within 90 days I agree to immediately pay C&J the amount of its loss on the assignment. If for any reason it becomes necessary for C&J to proceed against me, I understand that I am liable for all costs of collections, including but not limited to, reasonable attorney's fees, and court costs. I agree that the exclusive jurisdiction for legal proceedings hereunder is Salt Lake County, Utah. In the event the policy(s) is not enclosed, I certify that the policy(s) has been lost or destroyed.

| _Kevin Clowney_ | Son | | |
|---|---|---|---|
| 1st Beneficiary's Signature | Relationship to Deceased | 2nd Beneficiary's Signature | Relationship to Deceased |
| | | | |
| 3rd Beneficiary's Signature | Relationship to Deceased | 4th Beneficiary's Signature | Relationship to Deceased |

The foregoing Assignment was executed by   KEVIN CLOWNEY
                                            BENEFICIARY'S NAME                who is personally known to me or who has produced identification.

_[signature]_                              8/30/2016            NOTARY PUBLIC, STATE OF MI
NOTARY PUBLIC SIGNATURE                     DATE                COUNTY OF WAYNE
                                                                MY COMMISSION EXPIRES Mar 12, 2020
                                                                NOTARY STAMP/SEAL/COMPLETE

## IRREVOCABLE REASSIGNMENT AND POWER OF ATTORNEY

To: C&J Financial, LLC · P. 256.442.0020 F. 256.442.0107 · www.CJF.com
Mail Payments to: P.O. Box 57250 · Salt Lake City, UT 84157-0250
All Other Correspondence: P.O. Box 7070 · Rainbow City, AL 35906

The undersigned representative and funeral home or cemetery (collectively "the Funeral Home") irrevocably reassigns to C&J Financials, LLC, P.O. Box 7070, Rainbow City, AL 35906 or assigns, all of its interest in the above Assignment and further appoints C&J to act as its Attorney-In-Fact with regard to the collection of, settlement of, and receipt of the proceeds as said policy(s) or certificate(s) noted above, including but not limited to, the right to endorse checks. Any payment made by C&J to the Funeral Home pursuant to this Assignment agreement is without recourse, except where the assignment or funding was procured by fraud on the part of the Funeral Home. The Funeral Home hereby authorizes the above Insurance Company to issue a check(s) directly to C&J Financial, In the event that any payments of proceeds are made by the Insurance Company, its agent or the beneficiary (ies) to the Funeral Home, the Funeral Home agrees to hold the proceeds in trust and to immediately pay the proceeds to C&J within 10 days, without necessity of any request to so pay the funds. The Funeral Home further agrees that upon request by either C&J or the Insurance Company it will promptly provide all documents, material or information identified and needed to process a claim on the decedent's policy. Funeral Home shall be liable to C&J for any attorney's fees and costs C&J incurs in having to enforce any of the terms of this reassignment. The undersigned agrees that the exclusive jurisdiction and venue for legal proceedings hereunder is in Salt Lake County, Utah.

                                            FISHER FUNERAL HOME & CREMATION SERVICES
_Corey Leniear_
Signature of Funeral Home/Cemetery Authorized Representative    Name of Funeral Home / Cemetery

The foregoing Reassignment was executed by   COREY LENIEAR
                                             FUNERAL HOME/CEMETERY AUTHORIZED REPRESENTATIVE   who is personally known to me or who has produced identification.

_[signature]_                              8/30/2016            MICHAEL J. FISHER
NOTARY PUBLIC SIGNATURE                     DATE                NOTARY PUBLIC, STATE OF MI
                                                                COUNTY OF WAYNE
                                                                NOTARY STAMP/SEAL/COMPLETE
                                                                MY COMMISSION EXPIRES Mar 12, 2020
                                                                ACTING IN COUNTY OF WAYNE

                                                                IAFOM rev 8/14

18-004177-CZ   FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   4/16/2018 2:23 PM   Jacquetta Parkinson

# EXHIBIT B

18-004177-CZ   FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   4/16/2018 2:23 PM   Jacquetta Parkinson

05/17/2017   01:44   13135356646   FISHER F.H.   PAGE   05

# FISHER FUNERAL HOME & CREMATION SERVICES

24501 Five Mile Road
Redford Township, Michigan 48239
(313) 535-9090
Fax (313) 535-6646

Michael J. Fisher, Owner & Manager, Licensed Funeral Home

DECEASED   WILLIE BELL CLOWNEY   NO. 16-284   G.R.

DATE OF DEATH   AUGUST 22,2016   DATE OF STATEMENT   SEPTEMBER 1,2016

## STATEMENT OF FUNERAL GOODS AND SERVICES SELECTED

Charges are only for those items that you selected or that are required. If we are required by law or by a cemetery or crematory to use any items, we will explain the reasons in writing below.

### A.FOR SERVICES SELECTED

| | | |
|---|---|---|
| 1. Professional | | |
| Basic Service/Director & Staff | X | |
| Embalming | X | |
| Other Prepare | X | |
| | | 3695.00 |
| 2. Facilities, Equip. | | |
| Use of Facilities/wing / Visitation | X | |
| Use of Facilities/rand Ceremony | X | |
| Use of Facilities/proof of Service | X | |
| Use of Equipment/graveside Service | X | |
| Use of Equipment/Church Service | X | |
| | | 1025.00 |
| 3. Transportation: | | |
| Transfer of Remains | X | |
| Hearse | Clundd 'la 300'.00 | 300.00 |
| Limousine | | 350.00 |
| Sedan | 275.00 | 200.00 |
| Service / Utility V. | | |
| 4. Other Services/equipment: | | |
| SUV | 400.00 | |
| AIRTRAY | 250.00 | |
| | | |
| Other Basted Cashier | | |
| Remarks STARTED | | |
| | | |
| TOTAL OF SERVICES (A) | | $ 5370.00 |

### B. CH.MERCHANDISE SELECTED

| | |
|---|---|
| Casket (or other case) | 4132.50 |
| Remarks | |
| Material | |
| Outer | |
| Outer Basted Cashier | |
| Remarks STARTED | |
| Acknowledgment Ca. | |
| Register Book | 40.00 |
| Memory Folders / Pm. | |
| Cremation Urn | |
| Clothing | |
| Material | |
| TOTAL OF MERCHANDISE (B) | $ 4172.50 |

### C. SPECIAL CHARGES

| | |
|---|---|
| Forwarding remains to | |
| TAYLOR FUNERAL HOME | 1625.00 |
| Receiving remains from | |
| Immediate burial | |
| Direct cremation | |
| TOTAL OF SPECIAL CHARGES (C) | $ 1625.00 |

### D. CASH ADVANCES

| | | |
|---|---|---|
| Certified Copies of Death Certificate | | |
| 10 @ 17/5 death | | 62.00 |
| VISITATION AT CHURCH | | 500.00 |
| Open CASKET SPRAY | | 250.00 |
| DELTA AIRLINE | | 704.88 |
| Musician | | 100.00 |
| SINGER | | 100.00 |
| Newspaper Notices | | |
| Kevin Clowney Advance | | 13,000.00 |
| Cemetery | | |
| Kevin Clowney Flight | | 981.20 |
| TOTAL OF CASH ADVANCES (D) | | $ 15,698.08 |

We charge you for our services in obtaining (expedit) cash advance items.

### SUMMARY

| | |
|---|---|
| Total Funeral Home Charges (A+B+C) | $ 11,167.50 |
| Sales Tax, if applicable | $ 247.95 |
| Total Cash Advances (D) | $ 15,698.08 |
| COMPLETE TOTAL | $ 27,113.53 |
| PAYMENT RECEIVED FROM | |
| Insurance Process Fee | 1897.95 |
| BALANCE DUE | $ 25,011.48 |

### DISCLOSURES

If you selected a funeral that may require embalming, such as a funeral with viewing, you may have to pay for embalming. You do not have to pay for embalming you did not approve if you selected arrangements such as a direct cremation or immediate burial. If we charged for embalming, we will explain why below.

Reason for embalming: FUNERAL WITH PUBLIC VIEWING.

If any fire, monetary or cemetery requirements have required the purchase of any items listed, here is an explanation is explained below.

### ACKNOWLEDGEMENT AND AGREEMENT

I (we) authorize this funeral home to perform services, furnish goods, and bear certain charges specified on this Statement. I (we) acknowledge that I (we) received and agree to the price listed. A Good Price List may be found on the Retail Price List.

TERMS: PAYMENT IS DUE THREE DAYS BEFORE YOUR FUNERAL SERVICE/ NO PERSONAL CHECKS

Full payment is due no later than ___

If any payment is not paid within due, an unmitigated LATE CHARGE of ___% per month (ANNUAL PERCENTAGE RATE ___%) on the unpaid balance will be due. I (we) have read (or have been read) the above, accept and agree to these terms. I (we) acknowledge that full payment through for a copy of this Statement is acknowledged.

Signed ___

Serial Security No. ___

Address ___

City/State ___   Zip ___   Telephone ___

By ___   Co-Signed ___

By ___   Co-Signed ___

ACCEPTANCE: This funeral establishment agrees to provide all services, merchandise and cash advances indicated on this statement.

By: Bishop Gerald Ruffin/

ADDITIONAL ITEMS ORDERED LATER

# EXHIBIT C

18-004177-CZ   FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   4/16/2018 2:23 PM   Jacquetta Parkinson

18-004177-CZ   FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   4/18/2018   Jacquetta Parkinson

\*11101282Z2\*
10/04/2016
9600294525

This is a LEGAL COPY of your
check. You can use it the same
way you would use the original
check

RETURN REASON-A
NOT SUFFICIENT
FUNDS

\*18200001\*
\*6248\*
\*1\*
\*09657\*

**NSF**



<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 25, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system and that I have sent the foregoing paper by first-class mail, postage pre-paid to Traci Richards, Attorney for Plaintiff, Metropolitan Legal Group, PLLC, 26677 W. Twelve Mile Road, Southfield, Michigan 48034.

Respectfully submitted,

s/David M. Davis
David M. Davis (P24006)
Attorney for Defendant MetLife
Hardy, Lewis & Page, P.C.
401 S. Woodward Ave.
Suite 450
Birmingham, Michigan 48009
Telephone: (248) 645-0800
Email: dmd@hardylewis.com

Dated: July 25, 2018
00242033.WPD

- 7 -

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

KEVIN D. CLOWNEY,

                      Plaintiff,

vs.

Case No. 18-004177-CZ

Hon. Patricia Perez Fresard

FISHER FUNERAL HOME &
CREMATION SERVICES, INC.,
MICHAEL J. FISHER, GERALD
RUFFIN, C&J FINANCIAL, LLC,
METROPOLITAN LIFE INSURANCE
COMPANY, NATIONAL WESTERN
LIFE INSURANCE COMPANY, and
THE INDEPENDENT ORDER OF
FORESTERS,

                      Defendants.

_____/

| | |
|---|---|
| Traci Richards (P52868) | David M. Davis (P24006) |
| Attorney for Plaintiff | Attorney for Defendant MetLife |
| Metropolitan Legal Group, PLLC | 401 South Old Woodward Avenue |
| 26677 W. Twelve Mile Road | Suite 450 |
| Southfield, Michigan 48034 | Birmingham, Michigan 48009 |
| Telephone: (248) 997-1170 | Telephone: (248) 645-0800 |
| E-Mail: | E-Mail: dmd@hardylewis.com |

_____/

NOTICE OF FILING REMOVAL
TO THE FEDERAL DISTRICT COURT

PROOF OF SERVICE

                      David M. Davis (P24006)
                      Hardy, Lewis & Page, P.C.
                      Attorney for Defendant MetLife
                      401 South Old Woodward Ave. Ste. 450
                      Birmingham, Michigan 48009

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

KEVIN D. CLOWNEY,

               Plaintiff,

vs.

                                    Case No. 18-004177-CZ

                                    Hon. Patricia Perez Fresard

FISHER FUNERAL HOME &
CREMATION SERVICES, INC.,
MICHAEL J. FISHER, GERALD
RUFFIN, C&J FINANCIAL, LLC,
METROPOLITAN LIFE INSURANCE
COMPANY, NATIONAL WESTERN
LIFE INSURANCE COMPANY, and
THE INDEPENDENT ORDER OF
FORESTERS,

               Defendants.

_____/

| | |
|---|---|
| Traci Richards (P52868) | David M. Davis (P24006) |
| Attorney for Plaintiff | Attorney for Defendant MetLife |
| Metropolitan Legal Group, PLLC | 401 South Old Woodward Avenue |
| 26677 W. Twelve Mile Road | Suite 450 |
| Southfield, Michigan 48034 | Birmingham, Michigan 48009 |
| Telephone: (248) 997-1170 | Telephone: (248) 645-0800 |
| E-Mail: | E-Mail: dmd@hardylewis.com |

_____/

NOTICE OF FILING REMOVAL
TO THE FEDERAL DISTRICT COURT

To:       Honorable Patricia Perez Fresard
           Judge in the Circuit Court for the County of Wayne

      PLEASE TAKE NOTICE that Defendant Metropolitan Life Insurance Company on July 25,

2018, filed its Notice of Removal, copies of which are attached hereto, in the Office of the Clerk of

the United States District Court, Eastern District of Michigan, Southern Division, at Detroit,

Michigan. Attached hereto are copies of the various papers filed in connection with such removal.

/s/David M. Davis
David M. Davis (P24006)
Attorney for Defendant MetLife
Hardy, Lewis & Page, P.C.
401 S. Old Woodward Ave. Ste. 450
Birmingham, Michigan 48009

Dated: July 25, 2018