# UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KEVIN D. CLOWNEY,

        Plaintiff,

v.

FISHER FUNERAL HOME &
CREMATION SERVICES, INC.,
MICHAEL J. FISHER, GERALD
RUFFIN, C&J FINANCIAL, LLC,
METROPOLITAN LIFE INSURANCE
COMPANY, NATIONAL WESTERN
LIFE INSURANCE COMPANY and
THE INDEPENDENT ORDER OF
FORESTERS,

        Defendants,

and

NATIONAL WESTERN LIFE
INSURANCE COMPANY,

        Cross-Claim Plaintiff,

v.

FISHER FUNERAL HOME &
CREMATION SERVICES, INC.,
MICHAEL J. FISHER, and C&J
FINANCIAL, LLC,

        Cross-Claim Defendants.

Case No. 2:18-cv-12324

Hon. David M. Lawson
Magistrate Judge Mona K. Majzoub

**Defendant C&J Financial, LLC's
Answer and Affirmative Defenses to
National Western Life Insurance
Company's Cross-Claim**

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE, SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

Traci Richards (P52868)
Attorney for Plaintiff
Metropolitan Legal Group, PLLC
26677 W. Twelve Mile Road
Southfield, MI 48034
(248) 997-1170

Nick Balderman (P35262)
Attorneys for Fisher Funeral Home
Balderman & Associates
29800 Middlebelt Rd., Ste. 200
Farmington Hills, MI 48334
(248) 224-6696
balderman@aol.com

Michael J. Blalock (P68969)
Ian K. Edwards (P82021)
DYKEMA GOSSETT PLLC
Attorneys for C&J Financial, LLC
39577 Woodward Ave., Ste. 300
Bloomfield Hills, MI  48304
Telephone:  (248) 203-0700
mblalock@dykema.com
iedwards@dykema.com

David M. Davis (P24006)
Attorney for MetLife Ins. Co.
401 South Old Woodward, Ste. 450
Birmingham, MI 48009
(248) 645-0800
dmd@hardylewis.com

Matthew M. Peck (66361)
Fischer, Franklin & Ford
Attorneys for National Western Life
500 Griswold Street, Ste. 3500
Detroit, MI 48226
(313) 962-5210
mmpeck@fischerfranklin.com

---

## DEFENDANT C&J FINANCIAL, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO NATIONAL WESTERN LIFE INSURANCE COMPANY'S CROSS-CLAIM

Defendant C&J Financial, LLC ("C&J Financial"), by and through its attorneys, Dykema Gossett, PLLC, states the following as its Answer to Defendant/Cross-Claim Plaintiff National Western Life Insurance Company's ("National Western") Cross-Claim:

2

1.     C&J Financial lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 1 and, therefore, denies the same as untrue.

2.     Admitted.

3.     C&J Financial lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 3 and, therefore, denies the same as untrue.

4.     C&J Financial lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 4 and, therefore, denies the same as untrue.

5.     C&J Financial lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 5 and, therefore, denies the same as untrue.

6.     C&J Financial lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 6 and, therefore, denies the same as untrue.

7.     C&J Financial states that the insurance policies, as well as any designation of beneficiary and any assignments thereof are written documents, which speak for themselves.  C&J Financial denies any allegation inconsistent with

those documents as untrue.

8.     C&J Financial states that the insurance policies, as well as any designation of beneficiary and any assignments thereof are written documents, which speak for themselves. C&J Financial denies any allegation inconsistent with those documents as untrue.

9.     C&J Financial lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 9 and, therefore, denies the same as untrue.

10.     C&J Financial states that the insurance policies, as well as any designation of beneficiary and any assignments thereof are written documents, which speak for themselves. C&J Financial denies any allegation inconsistent with those documents as untrue.

11.     C&J Financial states that the insurance policies, as well as any designation of beneficiary and any assignments thereof are written documents, which speak for themselves. C&J Financial denies any allegation inconsistent with those documents as untrue.

12.     C&J Financial states that the insurance policies, as well as any designation of beneficiary and any assignments thereof are written documents, which speak for themselves. C&J Financial denies any allegation inconsistent with

4

those documents as untrue.

13.     C&J Financial states that the insurance policies, as well as any designation of beneficiary and any assignments thereof are written documents, which speak for themselves.  C&J Financial denies any allegation inconsistent with those documents as untrue.

14.     Admitted.

15.     Denied as untrue.

16.     Admitted.

17.     Admitted.

## Count I – Unjust Enrichment

18.     C&J Financial incorporates its answers in the preceding paragraphs as if restated in their entirety.

19.     To the extent directed to C&J Financial, denied as untrue.

20.     The allegations of paragraph 20 call for legal conclusions to which no response is required.  To the extent a response is required, C&J Financial states that the insurance policies, as well as any designation of beneficiary and any assignments thereof are written documents, which speak for themselves.  C&J Financial denies any allegation inconsistent with those documents as untrue.

21.     The allegations of paragraph 21 call for legal conclusions to which no

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE, SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

response is required.  To the extent a response is required, C&J Financial states that the insurance policies, as well as any designation of beneficiary and any assignments thereof are written documents, which speak for themselves.  C&J Financial denies any allegation inconsistent with those documents as untrue.

22. The allegations of paragraph 22 call for legal conclusions to which no response is required.  To the extent a response is required, C&J Financial states that the insurance policies, as well as any designation of beneficiary and any assignments thereof are written documents, which speak for themselves.  C&J Financial denies any allegation inconsistent with those documents as untrue.

23.    The allegations of paragraph 23 call for legal conclusions to which no response is required.  To the extent a response is required, C&J Financial states that the insurance policies, as well as any designation of beneficiary and any assignments thereof are written documents, which speak for themselves.  C&J Financial denies any allegation inconsistent with those documents as untrue.

24.    The allegations of paragraph 24 call for legal conclusions to which no response is required.  To the extent a response is required, C&J Financial states that the insurance policies, as well as any designation of beneficiary and any assignments thereof are written documents, which speak for themselves.  C&J Financial denies any allegation inconsistent with those documents as untrue.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE, SUITE 300•BLOOMFIELD HILLS, MICHIGAN  48304

25.     The allegations of paragraph 25 call for legal conclusions to which no response is required.  To the extent a response is required, C&J Financial states that the insurance policies, as well as any designation of beneficiary and any assignments thereof are written documents, which speak for themselves.  C&J Financial denies any allegation inconsistent with those documents as untrue.

## Count II – Negligent Misrepresentation

26.     C&J Financial incorporates its answers in the preceding paragraphs as if restated in their entirety.

27.     The allegations of paragraph 27 are directed at other defendants. Therefore, no response is required.  To the extent a response is required, C&J Financial lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 27 and, therefore, denies the same as untrue.

28.     The allegations of paragraph 28 are directed at other defendants. Therefore, no response is required.  To the extent a response is required, C&J Financial lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 28 and, therefore, denies the same as untrue.

29.     The allegations of paragraph 29 are directed at other defendants. Therefore, no response is required.  To the extent a response is required, C&J Financial lacks information or knowledge sufficient to form a belief as to the truth

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE, SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

7

of the allegations of paragraph 29 and, therefore, denies the same as untrue.

30.     The allegations of paragraph 30 are directed at other defendants. Therefore, no response is required.  To the extent a response is required, C&J Financial lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 30 and, therefore, denies the same as untrue.

31.     The allegations of paragraph 31 are directed at other defendants. Therefore, no response is required.  To the extent a response is required, C&J Financial lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 31 and, therefore, denies the same as untrue.

32.     The allegations of paragraph 32 are directed at other defendants. Therefore, no response is required.  To the extent a response is required, C&J Financial lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 32 and, therefore, denies the same as untrue.

33.     The allegations of paragraph 33 are directed at other defendants. Therefore, no response is required.  To the extent a response is required, C&J Financial lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 33 and, therefore, denies the same as untrue.

## Count III – Violation of Michigan Notary Act

34.     C&J Financial incorporates its answers in the preceding paragraphs as

8

if restated in their entirety.

35.    The allegations of paragraph 35 call for legal conclusions to which no response is required.  To the extent a response is required, C&J Financial states that the insurance policies, as well as any designation of beneficiary and any assignments thereof are written documents, which speak for themselves.  C&J Financial denies any allegation inconsistent with those documents as untrue.

36.    The allegations of paragraph 36 call for legal conclusions to which no response is required.  To the extent a response is required, C&J Financial states that the insurance policies, as well as any designation of beneficiary and any assignments thereof are written documents, which speak for themselves.  C&J Financial denies any allegation inconsistent with those documents as untrue.

37. The allegations of paragraph 37 are directed at other defendants. Therefore, no response is required.  To the extent a response is required, C&J Financial lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 37 and, therefore, denies the same as untrue.

38.    The allegations of paragraph 38 call for legal conclusions to which no response is required.  To the extent a response is required, C&J Financial states that the insurance policies, as well as any designation of beneficiary and any assignments thereof are written documents, which speak for themselves.  C&J

9

Financial denies any allegation inconsistent with those documents as untrue.

## <u>AFFIRMATIVE DEFENSES</u>

Defendant C&J Financial, LLC ("C&J Financial"), by and through its attorneys, Dykema Gossett PLLC, states its affirmative defenses as follows:

1.     Defendant/Cross-Claim Plaintiff has failed to state a claim against C&F Financial upon which relief can be granted.

2.     Defendant/Cross-Claim Plaintiff's claims against C&J Financial are barred in whole or in part by the doctrine of estoppel.

3.     Defendant/Cross-Claim Plaintiff's claims against C&J Financial are barred in whole or in part by the doctrine of unclean hands.

4.     Defendant/Cross-Claim Plaintiff's claims against C&J Financial are barred in whole or in part because Plaintiff has failed to specifically plead the allegations supporting a claim of unjust enrichment against C&J Financial.

5.     Defendant/Cross-Claim Plaintiff reserves the right to amend its Answer and Affirmative Defenses to assert such additional, as yet unstated, affirmative defenses as may later become available or apparent to C&J Financial.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE, SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

Respectfully submitted,

DYKEMA GOSSETT PLLC


By: Michael J. Blalock
    Michael J. Blalock (P68969)
    Ian K. Edwards (P82021)
    Attorneys for C&J Financial, LLC
    Dykema Gossett PLLC
    39577 Woodward Avenue, Suite 300
    Bloomfield Hills, MI  48304
    Telephone:  (248) 203-0700
    mblalock@dykema.com
    iedwards@dykema.com

Dated:  August 20, 2018

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 20, 2018, my assistant filed the foregoing with the Clerk of the Court using the electronic filing system which will send notification to all counsel of record.

Michael J. Blalock
Dykema Gossett PLLC
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
(248) 203-0566
P68969

4846-0576-8816.4
ID\EDWARDS, IAN - 900500\005996

12